1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BRODERICK WARFIELD,                     No. 2:17-CV-1259-CMK-P

12              Plaintiff,

13         vs.                               ORDER

14    HEATHER McCOUGH, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied

2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3   which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must

4   allege with at least some degree of particularity overt acts by specific defendants which support

5   the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8   Plaintiff names the following as defendants: (1) Heather McCough; (2) Solano

9   County SPCA; (3) Solan County Custody Div.; and (4) Mike Donnelly, aka "Christopher."

10   Neither Heather McCough nor Mike Donnelly, aka "Christopher," are alleged to be government

11   officials. Plaintiff outlines three claims. In his first claim, plaintiff alleges that defendant

12   McCough stole his dog. In his second claim, plaintiff appears to claim that unnamed officials at

13   the Solano County Jail interfered with his access to the courts by improperly handling his legal

14   mail. In his third claim, plaintiff alleges that unnamed officials at the Solano County Jail

15   improperly ignored his reports that he saw the actual perpetrator (defendant Mike Donnelly, aka

16   "Christopher") of the crimes for which he was convicted on television.

17   The complaint suffers from a number of fatal defects. First, plaintiff does not

18   name any individual defendant who is alleged to be a government official. Because the private

19   parties named in the complaint did not act under color of state law, plaintiff has not stated a

20   cognizable § 1983 claim against them. See Price v. Hawai'i, 939 F.2d 702 (1991). Next,

21   plaintiff does not allege an actual injury – such as prejudice with respect to contemplated or

22   existing litigation, the inability to meet a filing deadline, or inability present a non-frivolous

23   claim – in regard to his claim that unnamed jail officials improperly handled his legal mail. See

24   id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Finally, with respect to

25   plaintiff's third claim, plaintiff does not allege any violation of his constitutional or statutory

26   rights.

1  Because it does not appear possible that the deficiencies identified herein can be

2  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

3  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

5  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

6  this order may result in dismissal of the action for the reasons outlined above, as well as for

7  failure to prosecute and comply with court rules and orders.  See Local Rule 110.

8         IT IS SO ORDERED.

9

10  DATED:  September 19, 2017

11

12  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26