IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK WARFIELD,                    No. 2:17-CV-1259-CMK-P

    Plaintiff,

  vs.                                  ORDER

HEATHER McCOUGH, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On September 20, 2017, the court directed plaintiff to show cause why this action should not dismissed for failure to state a claim, and warned plaintiff that failure to respond could result in dismissal of the action for lack of prosecution. See Local Rule 110. In the order to show cause, the court stated:

> Plaintiff names the following as defendants: (1) Heather McCough; (2) Solano County SPCA; (3) Solan County Custody Div.; and (4) Mike Donnelly, aka "Christopher." Neither Heather McCough nor Mike Donnelly, aka "Christopher," are alleged to be government officials. Plaintiff outlines three claims. In his first claim, plaintiff alleges that defendant McCough stole his dog. In his second claim, plaintiff appears to claim that unnamed officials at the Solano County Jail interfered with his

1

access to the courts by improperly handling his legal mail. In his third claim, plaintiff alleges that unnamed officials at the Solano County Jail improperly ignored his reports that he saw the actual perpetrator (defendant Mike Donnelly, aka "Christopher") of the crimes for which he was convicted on television.

The complaint suffers from a number of fatal defects. First, plaintiff does not name any individual defendant who is alleged to be a government official. Because the private parties named in the complaint did not act under color of state law, plaintiff has not stated a cognizable § 1983 claim against them. See Price v. Hawai'i, 939 F.2d 702 (1991). Next, plaintiff does not allege an actual injury – such as prejudice with respect to contemplated or existing litigation, the inability to meet a filing deadline, or inability present a non-frivolous claim – in regard to his claim that unnamed jail officials improperly handled his legal mail. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Finally, with respect to plaintiff's third claim, plaintiff does not allege any violation of his constitutional or statutory rights.

To date, plaintiff failed to respond to the order to show cause and the court finds that dismissal of the action is appropriate, both for the substantive reasons outlined in the order to show cause as well as for failure to comply with court rules and orders.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed; and

2. The Clerk of the Court is directed to enter judgment, terminate all pending motions, and close this file.

DATED: December 1, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE